**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**

FILED

04 JAN 27 AM 10: 2

U.S. DISTRICT COUR
N.D. OF ALABAMA

NATURE QUALITY VINE RIPE )
TOMATOES, James L. Suttles, Proprietor, )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )    Case No. CV-04-S-0016-S
                                         )
RAWLS BROKERAGE, INC. and JESS           )
RAWLS,                                   )
                                         )
            Defendant.                   )

## APPLICATION TO APPEAR PRO HAC VICE

Michael J. Keaton of the firm of Keaton & Associates, P.C., applies for special admission

to appear in this case as counsel for the plaintiff, Nature Quality Vine Ripe Tomatoes, James L.

Suttles, Proprietor (the "Plaintiff"), and states as follows:

1.      Movant is an attorney licensed to practice law in the State of Illinois, has been a

member in good standing of the Illinois Bar since 1991 and this license has never been revoked or

suspended.

2.      Movant is also admitted to practice before the Supreme Court of Illinois, the U.S.

District Courts for the Northern, Central and Southern Districts of Illinois, the Eastern District of

Wisconsin, and the U.S. Courts of Appeals for the Sixth, Seventh and Ninth Circuits.

3.      Movant designates Alexander W. Jones, Jr., Esq., Pritchard, McCall & Jones, L.L.C.,

800 Financial Center, 505 North 20th Street, Birmingham, Alabama 35203, who is qualified to practice

in this court and who consents to designation as local counsel.

4.      Movant hereby discloses an order from the District of Delaware and its after-math,

all of which arose out of the conduct of a former associate of Movant's firm. These matters were:



a)    D. Delaware - The Court set a 10 day deadline to file *pro hac* appearances and a former associate failed to file one without ever disclosing this deadline to me. In response, the Court entered an order precluding both of our appearances not only in that case, but in that District "hereafter". Upon request, the Court vacated that order *nunc pro tunc* <u>as to me</u> on April 8, 2003. <u>See</u> Exhibit A.

b)    S.D. New York - The Magistrate Judge presiding over a settlement conference noted one of two defendants failed to appear and directed me, as the appearing attorney for Plaintiff, to pay for 1 hour of Defendant's lawyer ($300) and another $200 for the Court's time for the failed conference. The Court never entered any order to that effect, but I made the payments right away simply on the Judge's suggestion to "avoid a motion for sanctions". When our local counsel filed an objection to the Magistrate's action, the District Judge noted in a letter that *no sanction had ever been issued* and to the extent anyone construed the situation as a sanction, it was vacated. <u>See</u> Exhibit B.

c)    E.D. Michigan - The Court revoked my appearance under the view it was required as "reciprocal discipline", stating that I was barred from appearing in that district "as long as the Delaware order stands". After the Judge in Delaware vacated the order, the Court received numerous *ex parte* allegations against me from my former law partner, all of which were proven to be baseless. The Court then *voided* its prior orders and stated I was free to apply for full bar admission in the future as the district does not have a *pro hac* admission procedure. <u>See</u> Exhibit C.

d)    S.D. New York - The Court denied my *pro hac* application based upon the Delaware order and the former associate's dilatory actions. While the Delaware order was vacated *nunc pro tunc* as to me, the New York Judge had been presented with a global settlement in the interim. The

2

Judge then denied my motion to reconsider the pro hac admission, in large part, because my clients had already approved the settlement of all issues.

     e)    <u>D. C. District</u> - The Court issued a rule to show cause for me to explain all the above-referenced matters and why the Court should not bar my *pro hac* admission in that Court. Despite the best efforts of my opposing counsel to seize the opportunity to replace me, the Court vacated the rule to show cause and held my affidavit regarding no "public discipline" to be completely accurate and in full compliance with the Court's local rules. <u>See</u> Exhibit D.

     5.    Movant certifies further that he is familiar with and shall be governed by the Local Rules of this Court, the Rules of Professional Conduct and all other requirements governing the professional behavior of members of the Alabama Bar.

     WHEREFORE, Movant respectfully request entry of the attached proposed order authorizing his special admission to practice in this particular case.

Dated this _26th_ day of January, 2004.

Respectfully submitted,

By:_____

Michael J. Keaton, Esq.
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Hwy., Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500

**EXHIBIT A**



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERISERVE FOOD DISTRIBUTION, INC., et al., | ) | Case No. 00-0358 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |
| J.R. SIMPLOT COMPANY, | ) | Adv. Proc. No. A00-635 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 00-745-SLR |
| AMERISERVE FOOD DISTRIBUTION INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

The Court having considered Michael J. Keaton, Esq.'s submission dated April 2, 2002 and the exhibits thereto;

IT IS HEREBY ORDERED that this Court's October 30, 2001 order is modified <u>nunc pro tunc</u> to delete any reference to Mr. Keaton from the last sentence of that order. Mr. Keaton is not barred from appearance in the District of Delaware either in this matter or in any other matter and may submit motions <u>pro hac vice</u> in accordance with the Rules of this Court.

Wilmington, Delaware

Dated: ___4 / 8___ , 2002

_____
Chief United States District Judge

CERTIFIED: 4/9/2002
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY _____
Deputy Clerk

RLF1-2440497-1

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUNNILAND FRUIT COMPANY,<br>INC., as the assignee of SUNRISE<br>FARMS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>PMI PRODUCE CORP., INC. d/b/a<br>ORINCO, LTD., *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) .<br>)    Case No.  00 Civ. 8410 (SAS)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S OBJECTION TO ORDER OF
### MAGISTRATE JUDGE PECK IMPOSING SANCTIONS

Sunniland Fruit Company, Inc., as the assignee of Sunrise Farms, Inc. ("Plaintiff"), by its undersigned counsel, respectfully submits the following Objection to the Order Magistrate Judge Andrew J. Peck entered on February 8, 2001, imposing a monetary sanction on Plaintiff's lead counsel, and in support thereof, Plaintiff states as follows:

    1.     On January 9, 2001, Judge Peck entered an Order scheduling this matter for a settlement conference to proceed on January 25, 2001 (the "Order"). The Order was served upon Plaintiff's Local Counsel, Neiman, Ginsburg & Mairanz, P.C. ("Local Counsel") and the Plaintiff's Lead Counsel received a copy of the Order via fax from the Local Counsel.

    2.     On the same day Lead Counsel received the Order via fax from Local Counsel, Michael J. Keaton, Esq. ("Mr. Keaton") for Lead Counsel called Magistrate Judge Peck's chambers and advised he would be presenting an oral argument to the U.S. Court of Appeals for the Ninth Circuit on the date the Court selected for this initial settlement conference. Thereafter, the Court rescheduled the conference to February 8, 2001. Lead Counsel is not aware of any order being entered regarding the rescheduling of this conference to February 8.

    3.     At the February 8, 2001 conference, Mr. Keaton appeared for the Plaintiff and Mr.

Edward Kramer, Esq. appeared for Orinco, Inc., Darryl J. Kramer, Edward C. Kramer and Eytan

Sella. There were no appearances for defendants, PMI Produce Corp., Inc., Engie Lee or Martyn

& Associates Co., L.P.A ("Martyn").

    4.    Magistrate Judge Peck made it painfully clear he was disturbed by two (2) things: (i)

the apparent lack of service of the Order on all parties and; (ii) the belief the Plaintiff (a California

corporation) did not have a person with full settlement authority personally present at the conference.

    5.    Because of what Magistrate Judge Peck perceived as Lead Counsel's failure to

comply with the Order, he directed Lead Counsel to pay the sum of $200.00 to the Clerk of Court

and $300.00 to Mr. Kramer, both within 48 hours. Lead Counsel complied with this order in a

timely manner.

    6.    Notwithstanding Lead Counsel's compliance with this direction, Plaintiff respectfully

objects to Magistrate Judge Peck's imposition of sanctions for the following reasons: (A) Magistrate

Judge Peck mistakenly believed Mr. Keaton failed to serve the Order when the Court directed

another to do so; (B) the settlement conference was premature and, as a result, was incapable of

being productive even if all defendants had attended; (C) none of the parties were prejudiced by the

failure of the settlement conference, even if this failure could be related to any action or inaction of

Mr. Keaton, and; (D) Plaintiff has already suffered in that it incurred the fees and costs to attend a

settlement conference which the Court even described as a "waste of time" based primarily upon Mr.

Martyn and the other defendants not being present. These arguments will be addressed separately.

A. OBLIGATION TO SERVE ORDER

    7.    First, Magistrate Judge Peck sanctioned Lead Counsel for failing to give notice to all

parties, including Martyn, although the Order expressly stated this was the obligation of another.

The express language of the Order states as follows: "MR. MAIRANZ IS ORDERED TO FAX

2

A COPY OF THIS ORDER TO ALL PARTIES". (emphasis in original). While Mr. Keaton appeared at the conference for the Plaintiff, Mr. Keaton had received a service copy of the Order via fax and had no reason to believe the rest of the Court's directions were not followed by those directed to follow them.

8.      Second, while Magistrate Judge Peck assumed the failure of Martyn to appear was due to a lack of notice, Mr. Martyn did have actual notice of the settlement conference. Mr. Kramer stated in open court he had a telephone conversation with Mr. Martyn the day *before* the settlement conference in which Messrs. Martyn and Kramer discussed the settlement conference. Not only did Martyn fail to appear, he did not even call chambers to inquire about the conference.

9.      Accordingly, although Magistrate Judge Peck believed the settlement conference may have been rendered a "waste of time" by Mr. Martyn's failure to appear, the fact remains that Mr. Martyn's failure to appear was not the fault of Mr. Keaton. Thus, the sanction was improvidently issued.

B.  CONFERENCE WAS PREMATURE

10.     Even if all defendants had appeared, Magistrate Judge Peck noted the settlement conference was premature. No party has yet answered Plaintiff's Complaint -- Martyn's time to do so had not yet run, while several of the other Defendants had a motion to dismiss pending which this Court converted to a Motion for Summary Judgment.

11.     Moreover, the parties had not even completed the exchange of responses to the outstanding written discovery by the time of the conference and no depositions had yet taken place. Therefore, the Order through which Magistrate Judge Peck determined, *sua sponte*, that the parties should discuss settlement before the facts of this case were developed, was premature and incapable of moving this case forward.

3

12. When Magistrate Judge Peck inquired of those parties present at the conference whether they had any desire to settle, Mr. Kramer responded with a flat "No". Lead Counsel stated he just spoken with the President of the Plaintiff, obtained clarification of his full settlement authority to settle and felt any discussion along these lines would be beneficial.

13. Based on the refusal of those Defendants present to *even consider* the notion of engaging in settlement discussions, the Court declared the settlement conference would achieve no fruitful end and terminated same. In light of the failure of the fact this conference was incapable of producing any results whatsoever, even if the other Defendants had appeared, Lead Counsel submits the Court's rush to impose sanctions on someone was overly harsh, misdirected and an abuse of discretion.

## C. ACTIONS OF SANCTIONED COUNSEL CAUSED TO NO PREJUDICE

14. Magistrate Judge Peck's order penalizes Mr. Keaton without serving any of the purposes for which sanctions are imposed. Where sanctions are appropriately imposed, they serve three (3) purposes: (i) to ensure that a party does not benefit from its own failure to comply with the court's orders; (ii) to serve as a specific deterrent to ensure compliance with the order violated in the case at hand, and; (iii) to provide a general deterrent effect both in that case and others. See Update Art v. Modin Publishing, 843 F.2d 67, 71 (2nd Cir. 1988). In this case, Mr. Keaton respectfully submits he did not violate any directive contained in the Order. Assuming the Court finds he did, even though the express direction was to another, any such failure to act was a *de minimus* violation. Moreover, no party suffered any prejudice as a result of Mr. Keaton's actions in this case which could justify the Court venting its frustrations at Mr. Keaton in this way.

## D. PLAINTIFF HAS ALREADY INCURRED COSTS OF FAILED CONFERENCE

15. Even without the imposition of sanctions, Plaintiff and Keaton were, in effect,

4

punished by incurring the costs of attending the settlement conference which failed through no fault

of the sanctioned counsel. Mr. Keaton is based in Chicago, Illinois and incurred substantial travel

expenses to attend this failed conference. In light of the inability of this conference to produce any

results, even if all parties had attended, it cannot be fairly said the conference failed as a result of any

action or inaction of Mr. Keaton or Lead Counsel. Accordingly, the sanctions imposed serve no

rightful purpose and should be vacated to restore Mr. Keaton's spotless record of *ALWAYS*

complying with the Orders of any Court directing him to do anything.

WHEREFORE, Plaintiff respectfully request the Court to vacate Magistrate Judge Peck's

Order of February 8, 2001, imposing monetary sanctions on Lead Counsel, and granting any such

other and further relief as the Court deems appropriate and just upon consideration of this matter.

Respectfully submitted,

SUNNILAND FRUIT COMPANY, INC.,
as the assignee of SUNRISE FARMS, INC.

By: _____
         One of Its Attorneys

Theodore T. Mairanz, Esq. (TM-9654)
NEIMAN, GINSBURG & MAIRANZ, P.C.
39 Broadway, 25th Floor
New York, New York 10006
Tel: 212/269-1000

Co-Counsel (admitted *pro hac vice*):

Michael J. Keaton, Esq.
David M. Bagdade. Esq.
KEATON & ASSOCIATES, P.C.
751 Roosevelt Road, Suite 220
Glen Ellyn, Illinois 60137
Tel: 630/942-9800

**EXHIBIT C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A TRUE COPY
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BY *Bernadetten Shelete*

DEPUTY CLERK

SIX L'S PACKING COMPANY, et al.,

    Plaintiffs,

v.

                    CASE NO. 02 x 72929
                    HON. LAWRENCE P. ZATKOFF

MICHIGAN REPACKING & PRODUCE, et al.,    HON. PAUL BORMAN

    Defendants.

_____/

### ORDER

    This matter is before the Court on Mr. Michael J. Keaton's Motion for Reconsideration, or, Alternatively, for a Stay of the Court's May 23, 2002, Order Pending Appeal.

    In order to be properly admitted to the bar of the Eastern District of Michigan, an attorney must complete an application for admission. *See* E.D. MICH. L.R. 83.20(d)(1) ("An applicant for admission to the bar for this court must pay the fee established by the court and complete the application provided by the clerk."). Mr. Keaton repeatedly asserts that his application for admission was forged by his associate, Mr. David Bagdade, without either Mr. Keaton's knowledge or consent. Consequently, Mr. Keaton had never properly filled out an application for admission, which is a prerequisite to admission. Not having met all the necessary prerequisites for admission, the Court finds that Mr. Keaton was never properly admitted to practice before this Court. Consequently, this Court has no authority to discipline Mr. Keaton because he is not a member of the bar of the Court. Therefore, any orders of discipline previously issued must be void.

    If Mr. Keaton wishes to be admitted to practice before this Court, he must follow all of the procedures listed in the local rules. In particular, he must disclose all discipline that he received,

*see* E.D. MICH. L.R. 83.20(d)(1)(C), as well as any former names that he may have had.  Until Mr.

Keaton is properly admitted before this Court, he may not practice before this Court, except as in

compliance with E.D. MICH. L.R. 83.20(i).

IT IS SO ORDERED.

Date: **2 3 JUL 2002**

LAWRENCE P. ZATKOFF
CHIEF UNITED STATES DISTRICT JUDGE

Pursuant to Rule 77 (d), FRCivP
COPIES HAVE BEEN MAILED TO THE
FOLLOWING:

*All counsel of record*

on **2 3 JUL 2002**

DEPUTY CLERK

2

**EXHIBIT D**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRESH KIST PRODUCE, LLC.,     :

     Plaintiff,     :

     v.     :     Civil Action No.:    01-834 (RMU)

CHOI CORPORATION, INC. *et al.*,     :

     Defendants.     :

## ORDER

### VACATING THE ORDER TO SHOW CAUSE

On October 17, 2001, Mr. John P. Van Beek, counsel for plaintiff Fresh Kist Produce, LLC, filed a motion for *pro hac vice* admission of Mr. Michael John Keaton pursuant to Local Civil Rule 83.2(d), accompanied by an affidavit from Mr. Keaton. The court granted this motion. Subsequently, Ms. Mindy James, counsel for defendant J.C. Watson, provided information to this court demonstrating that Mr. Keaton had been disciplined in several federal jurisdictions. As a result, this court issued an Order to Show Cause on June 3, 2001 asking Mr. Keaton whether the *pro hac vice* affidavit contained any false information and whether the Local Civil Rules required him to notify the court of the orders disciplining him. Significantly, the courts that disciplined Mr. Keaton have since vacated or lifted their orders.

The court has thoroughly reviewed all of the orders and documents regarding Mr. Keaton submitted by Ms. James, Mr. Jacob Stein (Mr. Keaton's counsel), and Mr. Keaton. In light of these submissions and the circumstances surrounding the orders, the court determines that Mr.

Keaton's affidavit was accurate, and that Mr. Keaton is not in violation of this district's Local

Civil Rules.[1]

     Accordingly, it is this 13th day of December, 2002,

     **ORDERED** that the show cause order is **VACATED.**

     **SO ORDERED.**

                                 _Ricardo M. Urbina_

                                   Ricardo M. Urbina
                             United States District Judge

---

[1] Mr. Keaton's interaction with this court has been professional and courteous and he has been a strong advocate for his client in this case.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| NATURE QUALITY VINE RIPE TOMATOES, James L. Suttles, Proprietor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No. CV-04-S-0016-S |
| RAWLS BROKERAGE, INC. and JESS RAWLS, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING *PRO HAC VICE* APPLICATION
## OF MICHAEL J. KEATON FOR PLAINTIFF

Upon consideration of the application from Michael J. Keaton, for admission to appear before this Honorable Court on a *pro hac vice* basis, the Court finds the application should be GRANTED.

IT IS ORDERED: Michael J. Keaton is admitted to practice before this Court for the limited purpose of appearing in this matter and service on the designated local counsel, an active member of the bar of this Court, shall be acceptable service for all purposes in this case.

SO ORDERED, this _____ day of January, 2004.

_____
Hon. C. Lynwood Smith
UNITED STATES DISTRICT JUDGE