FILED
2005 Dec-07  PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **NATURE QUALITY VINE RIPE TOMATOES, et al.,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Case No.: CV-04-0016-VEH** |
| ) | |
| **RAWLS BROKERAGE, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On July 26, 2005, this Court granted *Plaintiffs' Motion for Summary Judgment* and denied Intervening Plaintiffs' claims for PACA trust benefits.  (Docs. 289 and 290)  Intervening Plaintiffs filed a *Motion to Reconsider* (Doc. 292) on July 29, 2005, stating that the Court had incorrectly construed several paragraphs of the *Stipulation of the Parties Regarding Disputed Claims of Five (5) Intervening Plaintiffs* ("*Stipulation*").  In response, the Court ordered the parties to submit further evidence and now reconsiders its order of July 26, 2005[1].

---

[1]  The Court assumes the reader is familiar with its Opinion and Order (doc. 289), in which the Court summarizes the PACA and factual background of these claims, analyzes the relevance and validity of the USDA's regulations, and analyzes the meaning of the phrase "other documents relating to the transaction" as that phrase is used in the statute and the regulations. The Court affirms all aspects of such Opinion and Order other than the portion entitled "The Validity of the Intervening Plaintiffs' Claims."

## Propriety of Reconsideration

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").  Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003).  It is well established in this circuit that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State University*, 330 F.Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).[2]  Furthermore, the Eleventh Circuit has declared that "a motion to

---

[2]Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected.  *See Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).

reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F.Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F.Supp2d 1378, 1379-81 (M.D. Ga. 2001) (similar).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact. *See* Rule 60(b), Fed.R.Civ.P.; *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."). The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

Upon review of Intervening Plaintiffs' Motion, it is evident that they seek reconsideration "to correct clear error or manifest injustice." In its *Motion for Reconsideration*, Intervening Plaintiffs argue that the Court misconstrued the

following paragraphs: "For each of these transactions, [the intervening plaintiffs] generated and issued accountings and/or other documents related to these transactions which failed to disclose the extended payment terms to which the parties had expressly agreed in writing." *(Stipulation of the Parties Regarding Disputed Claims of Five (5) Intervening Plaintiffs ¶¶ 4, 10, 16, 22, 17.)* They argue that the language of those paragraphs is ambiguous as to whether it indicates that the Intervening Plaintiffs generated any accountings that lacked payment terms in any of the relevant transactions. (Doc. 292, at 4-5.)

_____In their *Original Plaintiffs' Opposition to Intervenors' Motion for Reconsideration,* Plaintiffs argue that this Court may not consider any evidence other than that which is within the "four corners" of the *Stipulation* in its efforts to construe the *Stipulation*. (Doc. 299, at 3.) Specifically, they point to "the provision wherein the Intervenors expressly waived any right to rely upon parol evidence or any evidence other than the express language of this Stipulation in any proceeding(s) to construe the meaning of this Stipulation." (Doc. 299, at 3.) While the Plaintiffs' objection is clearly directed at the evidence ordered by the Court on August 2, 2005 in response to the Intervenor's *Motion for Reconsideration*, this evidence is not necessary to construe the *Stipulation*. In fact, the Court needs to look no farther than to "the express language" of the *Stipulation* in order to reconsider its interpretation of that document.

In the *Motion for Reconsideration*, Intervening Plaintiffs argue that the use of "accountings and/or other documents" in the *Stipulation* does not conclusively indicate that the Intervening Plaintiffs issued accountings without the payment term on them.  As Intervening Plaintiffs note, the express language "and/or" means one, or the other, or both.   See, Amalgamated Transit Union, AFL-CIO, CLC v. Commonwealth, 666 F.2d 618, 627 (1st Cir. 1981); Detroit Water Joint Venture v. Agricultural Ins. Co., 371 F.3d 366, 342-43 (6th Cir. 2004); Household Financial Services, Inc. v. The Mortgage Group, 2004 WL 2457781 (N.D. Ill. 2004); and see 11 WILLISTON ON CONTRACTS § 30:12 (4th ed.) ("[W]here the term 'and/or' is used in a contract, the intention is that the one word or the other may be taken accordingly as the one or the other will best effect the purpose of the parties as gathered from the contract taken as a whole.")  Accordingly, as Intervening Plaintiffs argue, the use of the term "and/or" in the *Stipulation* means that the Intervening Plaintiffs issued accountings, or other documents, or both.  (Doc. 292, at 4.)  Intervening Plaintiffs argue that the evidence indicates that no accountings without the payment terms were issued.  If this is the case, they will meet the requirements of 7 U.S.C.A. § 499e(c)(4) and 7 C.F.R. § 46.46(f)(3) and thus be entitled to trust benefits.

        The Court finds that the Intervening Plaintiffs' argument regarding the meaning of the term "and/or" in the Stipulations is well taken.  Additionally, the Intervening Plaintiffs have filed evidence that establishes that none of the Intervening Plaintiffs,

with the exception of Sealed-Sweet, LLC, issued any payment-seeking documents lacking the payment term.  Thus, it would be "clear error and manifest injustice' for this Court to deny the claims of the Intervening Plaintiffs on the basis that they stipulated that they issued "accountings" that lacked the required payment term, when the stipulation is ambiguous and the evidence is that the Intervening Plaintiffs, other than Seald Sweet, placed the required payment terms on all 'ayment-seeking documents.

Therefore, the Intervening Plaintiffs' Motion to Reconsider is **GRANTED**.

The Court will now reconsider the validity of each Intervening Plaintiff's claim.

    1.  *Frieda's, Inc.*

According to the *Affidavit of Alma Hess*, Credit Manager for Frieda's, Inc, Frieda's issued invoices and other documents for all relevant transactions.  (Doc. 302.)  No accountings were issued.  (Doc. 302 at 10.)  The invoices were the only payment-seeking documents issued (Doc. 302 at 4), and each invoice discloses the extended payment term of "Net 14 Days."  (Exhibit 1, pp. 1, 6, 10, 14, 19.)

Under § 499e(c)(3) and 7 C.F.R. § 46.46(e)(1), Frieda's was required to disclose the extended payment term on all accountings related to the relevant transactions.  Because it disclosed that term on all invoices and issued no other accountings, Frieda's maintained eligibility for trust benefits on the claimed

transactions.  Accordingly, the Plaintiff's objection to Frieda's proof of claim should be **DENIED**, and Frieda's claim should be **GRANTED**.

    2. *Grimmway Enterprises, Inc.*

According to the *Affidavit of Paula Richie*, Accounts Receivable Manager and Custodian of Records for Grimmway Enterprises, Inc, Grimmway issued invoices and other documents for all relevant transactions.  (Doc. 303.)  No accountings were issued.  (Doc. 303 at 7.)  The invoices were the only payment-seeking documents issued (Doc. 303 at 5), and each invoice contains the extended payment term of "Net 30."  (Exhibit 1, pp. 1, 8, 12, 16, 20, 24, 28, 33, 37, 41, 46, 50.)

Under § 499e(c)(3) and 7 C.F.R. § 46.46(e)(1), Grimmway was required to disclose the extended payment term on all accountings related to the relevant transactions.  Because it disclosed that term on all invoices and issued no other accountings, Grimmway maintained eligibility for trust benefits on the claimed transactions.  Accordingly, the Plaintiff's objection to Grimmway's proof of claim should be **DENIED**, and Grimmway's claim should be GRANTED.

    3. *Kingston & Associates Marketing, LLC*

According to the *Affidavit of Richard G. Reece*, Chief Financial Officer for Kingston & Associates Marketing, LLC, Kingston issued invoices and other documents for all relevant transactions.  (Doc. 304.)  No accountings were issued. (Doc. 304 at 6.) The invoices were the only payment-seeking documents issued (Doc.

304 at 4), and each invoice contains the extended payment term of "Net 21." (Exhibit 1, pp. 1, 10, 19, 29.)

Under § 499e(c)(3) and 7 C.F.R. § 46.46(e)(1), Kingston was required to disclose the extended payment term on all accountings related to the relevant transactions. Because it disclosed that term on all invoices and issued no other accountings, Kingston maintained eligibility for trust benefits on the claimed transactions. Accordingly, the Plaintiff's objection to Kingston's proof of claim should be **DENIED**, and Kingston's claim should be **GRANTED**.

4. *Potandon Produce, LLC*

According to the *Affidavit of Lisa C. Swenson*, Vice President of Finance for Potandon Produce, LLC, Potandon Produce issued invoices and other documents for all relevant transactions. (Doc. 306.) No accountings were issued. (Doc. 306 at 11.) The invoices were the only payment-seeking documents issued (Doc. 306 at 7), and each invoice contains the extended payment term of "Net 21 Days." (Exhibit 1, pp. 2-4, 53, 66, 83, 115, 130.)

Under § 499e(c)(3) and 7 C.F.R. § 46.46(e)(1), Potandon Proudce was required to disclose the extended payment term on all accountings related to the relevant transactions. Because it disclosed that term on all invoices and issued no other accountings, Potandon Produce maintained eligibility for trust benefits on the claimed transactions. Accordingly, the Plaintiff's objection to Potandon Produce's proof of

claim should be **DENIED**, and Potandon Produces's claim should be **GRANTED**.

5. *Seald-Sweet, LLC*

According to the *Affidavit of Christine Wallace*, Chief Financial Officer for Seald-Sweet, LLC, Seald-Sweet issued invoices and other documents for all relevant transactions. (Doc. 305.) No accountings were issued. (Doc. 305 at 7.) The invoices were the only payment-seeking documents issued (Doc. 305 at 5). However, Seald-Sweet's invoices do not disclose an extended payment term, but instead state "PACA Terms." (Exhibit 1, pp. 1, 4, 7, 12, 15, 21, 24, 28, 31, 32-33, 37, 40, 45, 46, 51, 54.) Because PACA terms require that payment be made within 10 days of the invoice and because the payment term for the relevant transactions was 30 days, Seald-Sweet issued payment-seeking documents that do not conform to the requirements of § 499e(c)(3) and 7 C.F.R. § 46.46(e)(1).

Under § 499e(c)(3) and 7 C.F.R. § 46.46(e)(1), Seald-Sweet was required to disclose the extended payment term on all accountings related to the relevant transactions. Because it failed to do so, the Court finds that Seald-Sweet failed to maintain its eligibility for trust benefits on the claimed transactions. Accordingly, the Plaintiff's objection to Seald-Sweet's proof of claim is **SUSTAINED**, and Seald-Sweet's claim is **DENIED**.

The Court's Order of July 26, 2005, is hereby **VACATED**. A separate Order will be entered in conformance with Fed.R.Civ.P. 58.

**DONE** and **ORDERED** this 7th day of December, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge