UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NATURE QUALITY VINE RIPE TOMATOES, et al.,** | )<br>)<br>) |
| Plaintiffs, | ) CIVIL NO. 2:04-CV-0016-VEH<br>) |
| v. | )<br>) |
| **RAWLS BROKERAGE, INC., et al.,** | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff's Motion for Summary Judgment (doc. 326). Plaintiff requests that the court: (1) disallow the PACA trust priority for the pre-judgment interest portions of the claims of Chiquita Frupac ($426.03), for DLF International ($643.82), and for Rice Fruit Company ($803.64); and (2) deny the Intervening Plaintiffs' objection to eleven (11) invoices at issue thereby allowing the balance of Nature Quality's claim for the principal amount of $122,759.74 as a valid PACA trust claim. The instant motion is opposed, has been briefed extensively, and is ripe for review. For the reasons stated herein, Plaintiff's Motion for Summary Judgment is due to be **GRANTED** in part and **DENIED** in part.

1

**Facts**

1. On March 12, 2004, Chiquita Frupac filed a PACA proof of claim in this case for $40,228.98.  See doc. 45 (the "Chiquita Claim").  See Exhibit 1.

2. The Chiquita Claim contained a claim for pre-judgment interest in the amount of $426.03.  See doc. 45.

3. On March 12, 2004, Rice Fruit Company, Inc. filed a PACA proof of claim in this case for $68,350.10.  See doc. 46 (the "Rice Fruit Claim").  See Exhibit 3.

4. The Rice Fruit Claim contained a claim for pre-judgment interest in the amount of $803.64.  See doc. 44.

5. On April 1, 2004, the Original Plaintiffs filed an omnibus objection to many claims, including both the Chiquita Claim and Rice Fruit Claim.  See doc. 114.

6. On April 16, 2004, Chiquita and Rice Fruit both filed a response to the objection and provided additional documentation to substantiate the bulk of their claims.  See doc. 128.

7. On June 22, 2004, the Intervening Plaintiffs and the Original Plaintiffs agreed to resolve numerous objections to claims via a signed stipulation and filed the signed stipulation with the court.  See doc. 176.

8. The invoices upon which the Chiquita Claim is based contain an invoice term regarding entitlement to interest charges on the reverse side of each invoice.

See doc. 45 (invoices attached as Exhibit 1).

9. None of the invoices upon which the DLF International claim is based contain an invoice term regarding entitlement to interest charges.

10. None of the invoices upon which the Rice Fruit Claim is based contain an invoice term regarding entitlement to interest charges. See doc. 46 (invoices attached as Exhibit 3).

11. PACA Claimant, DLF International, was listed as a signatory on the June 22, 2004 Stipulation which waived claims for "interest charges not supported by an invoice term regarding entitlement to interest charges." See doc . 176 at ¶ 14.

12. Chiquita and Rice Fruit Company were not listed in the signature block for Intervening Plaintiffs' counsel at the time the June 22, 2004 Stipulation was signed and filed. See doc. 176 at p.5.

13. On March 15, 2004, Nature Quality filed a verified PACA Proof of Claim in this case which stated a total PACA claim of $305,650.67 as of March 15, 2004 (the "Nature Quality Claim"). See doc. 57.

14. Nature Quality subsequently reduced the claim by agreement by $10,026.00 to the amount of $295,624.74, as of March 15, 2004. See doc. 176 at p.15.

15. On May 10, 2004, the Intervening Plaintiffs group of PACA claimants (the

"Intervening Plaintiffs") filed an objection to the Nature Quality claim. See doc. 149.

16. The Intervening Plaintiffs' objection claimed "[t]he wording on these [Nature Quality] invoices are [sic] illegible and hence does not give the notice required by the statute." See doc. 149, p.4.

17. The Intervening Plaintiffs' objection was directed to eleven (11) of Nature Quality's thirty (30) invoices; those being Nature Quality Invoice Nos. 1351, 1361, 1363, 1409, 1410, 1370, 1371, 1431, 1436, 1441 and 1444. See doc. 149.

18. The undisputed amount of the Nature Quality claim was $172,865.00, which left the foregoing eleven (11) invoices subject to the objection, amounting to a dispute of $122,759.74. See doc. 149.

19. After the objection was filed, Intervening Plaintiffs requested the original invoices, or legible copies, from Rawls, in order to resolve the objections.

20. Nature Quality provided to Intervening Plaintiffs copies of some of the invoices. Intervening Plaintiffs assert that a reconciliation of the invoices subsequently provided by Rawls ("Rawls Invoices") with the invoices submitted in support of Nature Quality's Proof of Claim ("Nature Quality Invoices") shows the following:

    a.    With respect to invoices 1361, 1363, 1409, 1410, 1370, 1371, and 1441, the Nature Quality Invoices include faint stamps allegedly of the requisite statutory trust language, while the Rawls Invoices do not contain any such statutory trust language.

    b.    With respect to invoices 1431 and 1436, both the Nature Quality Invoices and the Rawls Invoices show faint stamps allegedly of the requisite statutory trust language.

    c.    With respect to invoices 1351 and 1444, no Rawls Invoices were provided. These invoices also allegedly contain faint stamps which are not possible to read.

## Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a

genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See *Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment

by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the court that there is an absence of evidence to support the non-moving party's case. *Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden

by using this second method, the non-moving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## Analysis

I.   **Claims for prejudgment interest**.

The PACA provides protection to the unpaid seller not only for the value of the commodities sold, but also for expenses in connection with the sale of perishable agricultural commodities. 7 U.S.C. §499e(c)(2). These expenses are considered "sums owing in connection" with the unpaid produce, and include pre- and post-judgment interest. *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004); *see also Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1223 (9th Cir. 2002).

Original Plaintiffs seek to have the court disallow the PACA trust priority for the pre-judgment interest portions of the claims of Intervening Plaintiffs, Chiquita

Frupac (for $426.03), DLF International (for $643.82), and Rice Fruit Company (for $803.64) on the basis that Intervening Plaintiffs' counsel waived, by stipulation entered into among the Original Plaintiffs and some of the Intervening Plaintiffs, all Intervening Plaintiffs' pre-judgment interest claims. The stipulation at issue reads, in relevant part:

> The parties agree to withdraw any objections based on contractually due interest charges. Thus, where the claimant's invoices properly specify a rate of interest shall be payable on past due balances, those claims are no longer subject to the objection and said interest charges should be considered one of the 'sums owing in connection with such transactions' under 7 U.S.C. § 499e(c)(2).

Those parties who joined in the stipulation are bound by its provisions. DLF International was a party to the stipulation, and DLF International agrees with Original Plaintiffs that its interest claim is not valid. Accordingly, the PACA trust priority for the pre-judgment interest portions of the claim of DLF International (for $643.82) is due to be denied. Original Plaintiffs' Motion for Summary Judgment as to the PACA trust priority for the pre-judgment interest portions of the claim of DLF International is due to be granted.

Chiquita Frupac and Rice Fruit Company were not parties to the stipulation and are not bound by its provisions; therefore, they have not waived their right to pre-judgment interest claims. As such, the court must determine whether there exists a

9

contractual right to prejudgment interest claims for Chiquita Frupac and Rice Fruit Company.

Original Plaintiffs contend that Chiquita Frupac does not have a contractual right to prejudgment interest. The Chiquita Frupac invoices contain clear language which states, "Purchaser agrees to pay prejudgment interest, attorney's fees and costs incurred by Company in legal action to obtain payment of invoice and other charges." Therefore, prejudgment interest was a part of the contract and was a "sum owing in connection" with the unpaid balance. Accordingly, the court overrules Original Plaintiffs' objection and summary judgment is due to be granted in favor of this Intervening Plaintiff. Judgment will be entered in favor of Chiquita Frupac in the amount of $426.03.

Original Plaintiffs contend that Rice Fruit Company does not have a contractual right to prejudgment interest. Upon a thorough review of the parties' papers, the court concludes that there is no evidence on file which suggests that Rice Fruit Company has a contractual right to prejudgment interest. As such, summary judgment is due to be granted in favor of Original Plaintiffs as to Rice Fruit Company's claim for prejudgment interest.

## II.     The court will defer ruling on Intervening Plaintiffs' objection to eleven of the thirty invoices.

Intervening Plaintiffs object to eleven of the thirty invoices at issue in this case; specifically, Intervening Plaintiffs contend that the PACA language on the objectionable invoices is either not present or is illegible.  By separate Order, the court will require the parties to submit, within 11 days from the date this Order is entered, the original disputed invoices for the court's review.  Thereafter, the court will rule on Intervening Plaintiffs' objection.

A separate Order will be entered consistent with this Memorandum Opinion.

**DONE** this 24th day of August, 2006.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge