FILED

2006 Oct-04  PM 02:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **NATURE QUALITY VINE RIPE TOMATOES, et al.,** )<br>)<br>) | |
| **Plaintiffs,** ) | **CIVIL NO. 2:04-CV-0016-VEH** |
| ) | |
| **v.** ) | |
| ) | |
| **RAWLS BROKERAGE, INC., et al.,** )<br>)<br>) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

On August 24, 2006, the Court granted in part, denied in part, and deferred ruling in part on Original Plaintiffs' ("Plaintiffs") Motion for Summary Judgment. This matter comes before the Court on the balance of Plaintiffs' Motion for Summary Judgment (doc. 326). For the reasons stated herein, the balance of Plaintiffs' Motion for Summary Judgment is due to be **GRANTED**.

The lone issue before the Court is Plaintiffs' Motion for Summary Judgment as to Intervening Plaintiffs' objection to eleven of the thirty invoices which were generated by Nature Quality Vine Ripe Tomatoes in relation to produce orders filled to Rawls Brokerage, Inc.; specifically, Intervening Plaintiffs object on the basis that

the necessary PACA trust language is illegible on the objected-to invoices. (Objections of Intervening Plaintiffs to Certain PACA Claims, p. 4, doc. 149). Intervening Plaintiffs argue that, as the PACA trust language required by 7 U.S.C.A. § 499e(c)(4) is illegible on the eleven invoices received and maintained by Rawls Brokerage, Inc., Plaintiffs have not preserved their PACA trust rights as to the transactions evidenced by the eleven invoices.

Plaintiffs filed the instant motion as to the Intervening Plaintiffs' objection and in support of their motion, attached a stipulation between Plaintiff Nature Quality Vine Ripe Tomatoes and Defendant Rawls Brokerage, Inc. which states that the necessary PACA trust language was present and legible on each of the objected-to invoices ("Stipulation").   Intervening Plaintiffs assert that the Stipulation is insufficient to support the instant motion. (Intervening Plaintiffs' Response to Plaintiffs' Motion for Summary Judgment, doc. 330).  Intervening Plaintiffs provided photocopies of the original invoices at issue in support of their position that the PACA language is illegible on the eleven original invoices, but Intervening Plaintiffs did not provide the original invoices themselves.

As the Eleventh Circuit recently stated in *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270 (11th Cir. 2006), regarding the summary judgment standard:

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quotations and emphasis omitted).

*Stamp Art*, 456 F.3d at 1273-74.

The sole factual issue presented by Intervening Plaintiffs' objection and Plaintiffs' Motion for Summary Judgment is whether the PACA trust language required by 7 U.S.C.A. § 499e(c)(4) is legible on the eleven objected-to invoices. The relevant statutory language reads:

In addition to the method of preserving the benefits of the trust specified in paragraph (3), a licensee may use ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve the trust. The bill or invoice statement must include the information required by the last sentence of paragraph (3) and contain on the face of the statement the following: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received".

7 U.S.C.A. § 499e(c)(4). It is implicit in § 499e(c)(4) that an invoice must provide notice to the buyer of the seller's intent to preserve PACA trust benefits. *See* 7

3

U.S.C.A. § 499e(c)(3) ("The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits to the trust to the commission merchant, dealer, or broker ...").

In the instant case, there are at least two sets of duplicate original invoices at issue. Plaintiffs concede that the two sets of duplicate original invoices are not exact facial replicas of one another, but Plaintiffs claim that each original invoice contains typed information regarding the identity of the buyer and seller, handwritten information as to the identity, quantity, and price of specific items ordered, and is stamped with § 499e(c)(4) language. According to the papers of both the Plaintiffs and the Intervening Plaintiffs, Nature Quality Vine Ripe Tomatoes generated two duplicates of each of the original invoices at issue. One duplicate of each original invoice is maintained by Nature Quality Vine Ripe Tomatoes as the "seller's" copy and a second duplicate original invoice for each transaction is maintained by Rawls Brokerage, Inc. as the "buyer's" copy. Plaintiffs assert that the § 499e(c)(4) language was manually stamped on every duplicate original of both the "seller's" and "buyer's" invoices. To the contrary, Intervening Plaintiffs maintain that the language which appears on eleven of the "buyer's" invoices received and maintained by Rawls Brokerage, Inc. is illegible and is, therefore, non-compliant with § 499e(c)(4).

As the moving party on the instant motion, the Plaintiffs are required to present

evidence that there is no genuine dispute of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Along with their Motion for Summary Judgment, Plaintiffs submitted the Stipulation concerning the original invoices at issue.  The Stipulation specifically states that the "trust language was on all thirty (30) invoices at issue in this matter, and [Rawls Brokerage, Inc.] knew Nature Quality was preserving its rights to PACA trust benefits by placing that stamped language on all thirty (30) invoices."  (Stipulation Regarding Claim of Nature Quality Vine Ripe Tomatoes, ¶ 9).  In addition, Rawls Brokerage, Inc. stipulated that it "did not object to any of these thirty (30) invoices because [Rawls Brokerage, Inc.] could read and understand the PACA trust notice language on each of those thirty (30) invoices it received from Nature Quality [Vine Ripe Tomatoes]."  (Stipulation Regarding Claim of Nature Quality Vine Ripe Tomatoes, ¶ 10).

In compliance with the August 24, 2006, Order,  Plaintiffs submitted the original eleven objected-to "seller's" invoices maintained by Nature Quality Vine Ripe Tomatoes.  Intervening Plaintiffs were permitted the opportunity and exercised their option to review these original "seller's" invoices in the chambers of the undersigned prior to this matter being taken under submission by the Court. Intervening Plaintiffs did not comply with the August 24, 2006, Order to produce the original "buyer's" invoices received and maintained by Rawls Brokerage, Inc., nor

did the Intervening Plaintiffs file an objection as to the authenticity of the documents provided by Plaintiffs, nor do the Intervening Plaintiffs contend that these original invoices are not "ordinary and usual" invoice statements.[1]  The Court takes note that each of the "seller's" invoices maintained by Nature Quality Vine Ripe Tomatoes indicates that "Rawls Brokerage Inc." is the customer and each is signed as having been "received."  The PACA trust language required by § 499e(c)(4) is present and is legible on each of the eleven original "seller's" invoices submitted by Plaintiffs.

Intervening Plaintiffs insist that the Court cannot consider the "seller's" invoices when reaching a decision as to whether or not notice was properly given by Nature Quality Vine Ripe Tomatoes pursuant to § 499e(c)(4); however, the parties do not reference and the Court is unaware of any legal authority in support of Intervening Plaintiffs' position on this point.  The provisions of § 499e(c)(4) require that the invoice used to convey notice of the intention of a seller to preserve PACA trust rights be an "ordinary and usual" invoice and that the invoice contain certain necessary language discussed *supra*.  As the authenticity of the original "seller's" invoices are not at issue and no additional objections have been raised as to these invoices, the Court finds that the "seller's" invoices provided by the Plaintiffs are

---

[1]Intervening Plaintiffs indicate that they have been provided with the original "buyer's" invoices at issue with the exception of Nature Quality Invoices Nos. 1351 and 1444. (Intervening Plaintiffs' Response to Plaintiffs' Motion for Summary Judgment, p. 16, doc. 330).

consistent with the type of invoice required by § 499e(c)(4) and are; therefore, invoices which properly provide notice given that they each are legibly stamped with the necessary language articulated in the statute.

Through the submission of the Stipulation and the original "seller's" invoices, on which there is legible § 499e(c)(4) language, Plaintiffs have met their initial burden under *Celotex* to come forward with evidence that there is no genuine issue of material fact in dispute and that Intervening Plaintiffs' objection is due to be overruled as a matter of law.  The burden now shifts to the Intervening Plaintiffs in that Fed. R. Civ. P. 56(e) requires the non-moving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant.  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

In opposition to Plaintiffs' Motion for Summary Judgment, the Intervening Plaintiffs submitted photocopies of the eleven objected-to "buyer's" and "seller's" invoices.  The necessary question now becomes whether the photocopies of the eleven invoices identified by the Intervening Plaintiffs as being contradictory to the factual averments contained in the Stipulation are properly considered on a motion

7

for summary judgment where the original invoices are available for production and in a situation in which the Court ordered production of the original documents and the non-movant failed to produce those originals.

The general rule in the Eleventh Circuit is that admissible evidence presented in an inadmissible form should be considered by a court when ruling on a motion for summary judgment. *See International Ship Repair and Marine Services, Inc. v. St. Paul Fire and Marine Insurance Co.*, 906 F.Supp. 645, 648-49 (M.D. Fla. 1995) (citing *Church of Scientology Flag Service Org. v. City of Clearwater*, 2 F.3d 1514 (11th Cir. 1993)).  However, the photocopies of the invoices are not representative of admissible evidence submitted in an inadmissible form.  Federal Rules of Evidence Rule 1002 states, "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by an Act of Congress."   Federal Rules of Evidence Rule 1003 states, "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."  The parties have not raised any arguments speaking to the authenticity of the original documents, but it would be unfair to admit the photocopies in lieu of the original invoices under the circumstances of this case. The unfairness and inadmissibility is

manifested by the facts that the photocopies are, in and of themselves, not clear, inaccurate,  not representative of the original invoices, and not the best evidence. Accordingly, the photocopies will not be considered.

In addition, the Court ordered the parties to produce the originals invoices, and Intervening Plaintiffs did not comply with that Order.  Plaintiffs spent the time and incurred the expenses associated with production of the original "seller's" invoices maintained by Nature Quality Vine Ripe Tomatoes while the Intervening Plaintiffs chose to ignore the Court's Order for production of the original invoices.  As such, it would result in unfairness under the circumstances of this case to allow Intervening Plaintiffs to rely on photocopies of the original invoices as opposed to requiring reliance on the actual original invoices.

As a result, Intervening Plaintiffs have failed under their burden pursuant to Fed. R. Civ. P. 56 and *Celotex* to presented evidence demonstrating a dispute of a genuine issue of material fact.  As argument in opposition to Plaintiffs' Motion for Summary Judgment, Intervening Plaintiffs argue that the Court cannot properly consider the Stipulation as evidence in support of the instant motion. The Court's ruling on the instant motion would be the same even if the Stipulation were not considered.  Nonetheless, each of Intervening Plaintiffs' arguments with regard to the Stipulation will be addressed in turn.

9

Intervening Plaintiffs submit that the Stipulation cannot be considered because: (1) the Stipulation attests to facts without the proper foundation; (2) statements in the Stipulation are factually inaccurate; and (3) the Stipulation cannot be used to overrule Intervening Plaintiffs' objection in that Intervening Plaintiffs are not a party to the Stipulation.

It is Intervening Plaintiffs' first contention that the Stipulation "is essentially being used by [Plaintiffs] as a substitute for affidavits from witnesses testifying under oath to relevant facts based on personal knowledge." (Intervening Plaintiffs' Response to Plaintiffs' Motion for Summary Judgment, p. 13). Intervening Plaintiffs thereafter recite the standards required of affidavits by Fed. R. Civ. P. 56(e), argue that the Stipulation does not meet these standards, and posit that the Stipulation should, as a result, be disregarded. Intervening Plaintiffs' contention is premised on the assumption that the Court will consider the Stipulation as an improperly constructed affidavit. The Court will not adopt such a premise in its analysis; as such, Intervening Plaintiffs' argument that, had the Stipulation been an affidavit, such an affidavit falls short of the requirements of Fed. R. Civ. P. 56(e), is without merit.

Intervening Plaintiffs further argue that Plaintiffs should have submitted affidavits in support of the instant motion and that the Stipulation is not properly considered on a Rule 56 motion for summary judgment as it is not an affidavit. Fed.

R. Civ. P. 56(a) provides that a movant may file a motion for summary judgment "with or without supporting affidavits."  Fed. R. Civ. P. 56(c) dictates that summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The Stipulation is a pleading which conforms to Fed. R. Civ. P. 10 and speaks to an issue of material fact in this case; specifically, that Defendant Rawls Brokerage, Inc. concedes that it could read and understand the PACA trust language on the eleven "buyer's" invoices at issue.  Pursuant to Rule 56, the Stipulation, as a pleading, is properly considered in this Court's analysis of the instant motion.

Intervening Plaintiffs' second contention rests on the argument that the statements contained within the Stipulation are factually inaccurate; therefore, the stipulation cannot be used by the Plaintiffs to demonstrate the absence of a disputed issue of material fact.  Intervening Plaintiffs state that the Stipulation is factually inaccurate because, according the Intervening Plaintiffs, the attorneys who drafted and signed the Stipulation lack personal knowledge to "testify" as to the statements contained therein.  A stipulation is defined as, "A voluntary agreement between opposing parties concerning some relevant point." Black's Law Dictionary 1455 (8th ed. 2004).  The attorneys who drafted and signed the Stipulation entered into an

11

agreement and are not offering the statements contained within the agreement as testimony; therefore, the issue of the personal knowledge of the attorneys is irrelevant.

Intervening Plaintiffs further support their second contention by arguing that none of the eleven "buyer's" invoices contain legible § 499e(c)(4) language.  If true, this assertion would be contrary to the terms of the Stipulation in that the Stipulation provides that all pages of all duplicate original invoices were stamped with the necessary PACA trust language.  (Stipulation Regarding Claim of Nature Quality Vine Ripe Tomatoes, ¶ 7).  However, Intervening Plaintiffs have not provided any evidence in support of their position; thus, the argument fails.

Intervening Plaintiffs' third and final contention is that a Stipulation to which they were not a party cannot be used as evidence in support of Plaintiffs' Motion for Summary Judgment.  A Stipulation, by definition, is an agreement between adverse parties.  The Intervening Plaintiffs were not a party to the Stipulation and they are not bound by its provisions; however, the Stipulation is nonetheless a pleading in this matter and has been considered in accordance with the mandates of Fed. R. Civ. P. 56.

In light of the evidence before the Court, Plaintiffs have met their burden on

the instant motion to demonstrate that there is no dispute as to a genuine issue of material fact and that they are entitled to judgment as a matter of law as to Intervening Plaintiffs' pending objection.  Accordingly, the balance of Plaintiffs' Motion for Summary Judgement is hereby **GRANTED**.  Intervening Plaintiffs' objection that the § 499e(c)(4) language is illegible on Nature Quality Invoice Nos. 1351, 1361, 1363, 1409, 1410, 1370, 1371, 1431, 1436, 1441 and 1444 (doc. 149) is **OVERRULED**.

The parties are **ORDERED**, within 11 days from the date of this Order, to confer and file a joint status report detailing any remaining matters which require adjudication by this Court.  This status report will also outline a proposed schedule for the further disposition of this case.

**DONE** and **ORDERED** this 4th day of October, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge