# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NATURE QUALITY VINE RIPE TOMATOES, et al.,** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: CV-04-HS-0016-S |
| ) | |
| **RAWLS BROKERAGE, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court are the motions of the Plaintiffs[1] for summary judgment on all claims against the Defendants, Jess W. Rawls, Jr. ("Rawls") and Rawls Brokerage,

---

[1] The first motion for summary judgment (doc. 376) was filed by Sunkist Growers, Inc. ("Sunkist"); the second (doc. 381) was filed by Intervening Plaintiffs Wm. Bolthouse Farms, Inc.; Calavo Growers, Inc.; Chiquita Brands North America, Inc. t/a Chiquita Fresh, N.A. a/t/a Chiquita Frupac, Inc.; DLF International, Inc.; Diversified Citrus Marketing, Inc.; Dovex Marketing, Inc.; A. Duda & Sons, Inc.; Grimmway Enterprises, Inc. d/b/a Grimmway Enterprises, Inc. d/b/a Grimmway Farms; Kingston & Associates Marketing, LLC; L&M Companies, Inc.; Mills, Inc. d/b/a Mills Family Farms, Inc.; Potandon Produce, L.L.C.; Rice Fruit Company; and Western Fresh Marketing ("Intervening Plaintiffs"); the third (doc. 384) was filed by Plaintiffs Agricap, LLC, Alta Fresh, LLC, Canon Potato Company, Inc., Central American Produce, Inc., Dole Fresh Vegetable, Inc., Emerald Packing, Inc., Fagerberg Produce, Inc., Garcia Farming and Harvest, Inc., d/b/a Sun America Produce, J & J Ranch Produce, Inc., Nature Quality Vine Ripe Tomatoes, Inc., Rosemont Farms, Inc., Santa Cruz Melons, Inc., Sy Katz Produce, Inc., Virginia Fruit Sales, Inc., Yakima-Roche Fruit Sales, LLC and Wysocki Sales, Inc. ("Original Plaintiffs"); and the fourth (doc. 387) was filed by Intervening Plaintiffs Kern Ridge Growers, Growers Express, Danna & Danna Inc, Custom Produce Sales, Christopher Ranch, Apio Fresh LLC, Veg-A-Mix, Apio Inc, Taylor Farms California Inc, Tanimura & Antle Inc, Sunridge Farms Inc, Sierra Produce, Bonipak Produce Co, Newstar Fresh Foods, River Ranch Fresh Foods LLC, Peter Rabbit Farms, Mission Produce Inc, Mann Packing Co Inc. ("Additional Intervening Plaintiffs").  All Plaintiffs will be referred to collectively as "Plaintiffs."

Inc. ("RBI") (collectively "Defendants"). (docs. 376, 381, 384, 387). For the reasons set forth herein, the motions are due to be **GRANTED**.

## I.   FACTUAL AND PROCEDURAL HISTORY

The material facts are not in dispute. Plaintiffs hold qualified trust claims against Defendants under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq.* (See doc. 14 ("Consent Injunction and Agreed Order Establishing PACA Claims Procedure"); docs. 27, 29-42, 45-46, 50-52, 54, 57-83, 86-104 ("Verified Proofs of Claim"). Defendants have paid part of these claims.[2] (See doc. 368, "Order for Final Disbursement of Funds in PACA Trust Account," exh. A). Plaintiffs now request judgment for the unpaid portions of those claims, in addition to interest and attorney fees for qualified parties.

## II.   STANDARD OF REVIEW

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Chapman*

---

[2] Pursuant to the court's "Order for Final Disbursement of Funds in PACA Trust Account," exh. A, column K, Defendants have paid 76.41% of each claim asserted by Plaintiffs.

*v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553.  Once the moving party has met its burden, Rule 56(c) requires the nonmoving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

    The substantive law will identify which facts are material and which are irrelevant.  *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Chapman*, 229 F.3d at 1023.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *Anderson*, 477 U.S. at 249; 106 S.Ct. at 2511.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial.  See *Fitzpatrick*, 2 F.3d at 1115-17, citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (*en banc*).  If the moving party bears the burden of proof at trial, then it can meet its burden on summary judgment only by presenting positive evidence that demonstrates the absence of a genuine issue of material fact; i.e., facts that would entitle it to a directed verdict if not controverted at trial.  *Fitzpatrick*, 2 F.3d at 1115.  Once the moving party makes such a showing, the burden shifts to the nonmoving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the nonmoving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the nonmoving party must respond with positive evidence sufficient to resist a motion for a directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the

nonmoving party on the issue in question. This method requires more than a simple statement that the nonmoving party cannot meet its burden at trial but does not require evidence negating the nonmovant's claim; it simply requires the movant to point out to the court that there is an absence of evidence to support the nonmoving party's case. *Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the nonmoving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the nonmoving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

### III.   ANALYSIS

Plaintiffs aver, and Defendants do not dispute, that (1) their claims are valid PACA trust claims, (2) a portion of those claims remains unpaid, (3) Rawls is personally liable for the unpaid amounts, and (4) certain Plaintiffs are entitled to an award of interest and/or attorney fees.

Defendants fail to offer any legal ground for denying Plaintiffs' motions.

Defendants' only response is Rawls's affidavit, which details Rawls' struggle to keep RBI in business prior to this action. (doc. 391, exh. A). It is not clear what argument, if any, Defendants are attempting to assert via the affidavit.[3] Moreover, Defendants argue that "there is a genuine issue of [material] facts," but fail to identify that issue or those facts.

Defendants also fail to offer any dispute as to Rawls's personal liability for Plaintiffs' claims. "An individual in control of PACA trust assets may be liable . . . without regard to whether the failure [to preserve the PACA trust *res*] was intentional or whether the individual was an otherwise responsible corporate officer." *Red's Market v. Cape Canaveral Cruise Line, Inc.*, 181 F.Supp.2d 1339, 1344 (M.D.Fla. 2002), *aff'd*, 48 Fed.Appx. 328 (11th Cir. 2002); *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 707 (2nd Cir. 2007) (to hold an individual defendant personally liable, "plaintiffs need only show that 'the assets of the licensed

---

[3] If, by his affidavit, Rawls is attempting to argue that Defendants should not be liable for the unpaid portions of Plaintiffs' claims because he had a "good reason" for failing to preserve the PACA trust *res*, he offers no legal support for this proposition, and it is not consistent with authority cited by Plaintiffs, *see Red's Market*, 181 F.Supp.2d at 1344 ("Findings of misappropriation or bad faith are not essential to an imposition of individual liability upon [an] individual defendant[ ] who [was] in total control of the PACA trust assets. A simple finding that [he] failed to account for the trust assets is sufficient"), or found by this court, *see Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F.Supp. 346, 348 (S.D.N.Y. 1993) ("We recognize at the outset that a PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier. This includes use of the proceeds from the sale of perishables for legitimate business expenditures, such as the payment of rent, payroll, or utilities").

commission merchant, dealer, or broker are insufficient to satisfy the PACA liability'"), quoting *Golman-Hayden Co. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 351 (5th Cir. 2002). Rawls is the president and chairman of the Board of Directors for RBI and held that position during all times relevant to this action. (doc. 391, exh. A at pg. 1). In that capacity, Rawls exercised controlling authority over RBI's business affairs and acted as trustee for the PACA trust, the assets of which do not satisfy Defendants' liability to Plaintiffs. (Id. at pg. 3). Therefore, Rawls may be personally liable for Defendants' failure to preserve the PACA trust *res*.

Finally, certain Plaintiffs[4] also move for an award of attorney fees and/or interest on their claims. Under PACA, Defendants are required to hold the PACA trust assets for Plaintiffs' benefit until all "sums owing in connection with such transactions has been received." 7 U.S.C. § 499e(c)(2). Attorney fees and prejudgment interest "can be awarded in the same way as other 'sums owing in connection with' the transactions" if they are contractually provided for on invoices or in a credit agreement between the buyer and seller. *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632-33 (11th Cir. 2004), quoting 7 U.S.C. § 499e(c)(2).

---

[4] The following Plaintiffs request attorney fees and interest: Central American, Dole, Nature Quality, Wysocki, Sunkist, Apio Fresh, Apio, Bonipak, Custom, Tanimura, Veg A Mix, Chiquita, Dovex, Duda, Grimmway, Kingston, and L & M. The following Plaintiffs request attorney fees: Growers, Newstar, River, Sierra, DLF, and Western.

With the exception of Dole,[5] all Plaintiffs who request attorney fees and/or interest have submitted invoices that provide for the requested relief.[6] They are, therefore, entitled to an award of attorney fees and/or interest in addition to judgment in the amount of their unpaid PACA claims.

## IV.   CONCLUSION

While Defendants argue that a genuine issue of material fact is present in this case, they do not dispute the facts relevant to their liability for the unpaid portions of Plaintiffs' PACA trust claims, or for attorney fees and/or interest for qualified parties. Similarly, Defendants proffer no legal authority to refute Plaintiffs' claims. Indeed, Defendants do not even mention the claims for attorney fees and/or interest. Therefore, Plaintiffs' motions for summary judgment are due to be **GRANTED**, except that that portion of Dole's motion, which seeks attorney fees and interest, is

---

[5] In its brief in support of its motion for summary judgment, Dole argues that it is entitled to interest and attorney fees based on the terms of its unpaid invoices with Defendants. Dole's citation to a sample invoice refers to an invoice for another Plaintiff, Yakima-Roche (doc. 70), and that invoice contains no reference to either attorney fees or interest. Dole has not cited to any invoice which provides it with an entitlement to attorney fees or interest. Therefore, Dole's request for an award of attorney fees and interest is due to be **DENIED.**

[6] Said invoices are located in the record at doc. 378, exh. 3, pp. 5-22 (Sunkist); doc. 69, pg. 5 (Central American); doc. 57, pp. 5-35 (Nature Quality); doc. 68, pg. 5 (Wysocki); doc. 104, pg. 6 (Apio Fresh); doc. 86, pg. 7 (Apio); doc. 389, exh. 5, pg. 6 (Bonipak); Id., pg. 67 (Custom); Id., exh. 6, pg. 138 (Tanimura); Id., pg. 153 (Veg A Mix); doc. 383, pg. 11 (Chiquita); Id., pg. 13 (Dovex); Id., pg. 15 (Duda); Id., pg. 16 (Grimmway); Id., pg. 17 (Kingston); Id., pg. 18 (L & M); Id., pg. 19 (Western); doc. 389, exh. 5, pg. 85 (Growers); Id., exh. 6, pg. 104 (NewStar); Id., pg. 120 (River); Id., pg. 126 (Sierra); and doc. 383, pg. 12 (DLF).

due to be **DENIED**.

A separate Order will be entered.

**DONE** this the 29th day of April, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge